**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SSL AMERICAS, INC., | No. 08-55779 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00406-DMS-RBB |
| v. | |
| MIZUHO MEDY CO., LTD., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted October 9, 2009
Pasadena, California

Before:    W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON,[**] District Judge.

Plaintiff, SSL Americas, Inc. ("SSL"), seeks review of the district court's

dismissal of its suit against Mizuho Medy Co., Ltd. ("Medy") for lack of personal

jurisdiction.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

California's long-arm statute is the applicable law, and it permits the exercise of personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the U.S. Constitution. *See* Cal. Code Civ. Proc. § 410.10; *Doe, I v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

SSL is a New Jersey corporation with its principal place of business in Georgia. Medy is a Japanese corporation with its principal place of business in Tosu City, Japan.

SSL entered into an Exclusive Supply Agreement with a California subsidiary of Medy, Mizuho USA ("MUSA"), under which MUSA was to manufacture pregnancy tests for SSL. MUSA allegedly was unable to fulfill its obligations under the Agreement due to problems with, and customer complaints about, the quality of the tests. MUSA has since declared bankruptcy. SSL alleges that Medy is liable for damages sustained by SSL as a result of the events arising out of the failed contract.

**General Jurisdiction**

Medy does not, by itself, have the "continuous and systematic" contacts that "approximate physical presence," as ordinarily required for general personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Corp.*, 374 F.3d 797, 801 (9th Cir. 2004). Thus, general personal jurisdiction is only justified here if subsidiary

2

MUSA's contacts with California can be imputed to parent Medy. *See Doe, I*, 248 F.3d at 925-26. They cannot, under any of three theories pressed by SSL.

First, the "unity of interest and ownership" required for the alter ego theory is absent. *Id.* at 926 (internal citation omitted). With respect to the degree of control exercised by Medy over MUSA's activities, the relationship between Medy and MUSA was similar to parent-subsidiary relationships recognized as usual and appropriate. *See United States v. Best Foods*, 524 U.S. 51, 69 (1998). MUSA developed, manufactured, marketed and sold its own products to a number of clients, including Medy, SSL and other companies. Neither the licensing of Medy's technologies for use in those products nor the provision of technical support by Medy during development and manufacture transform MUSA into Medy's alter ego for the purposes of general jurisdiction.

Second, SSL has not shown that MUSA performed services for Medy such that MUSA's presence in California "substitutes for the presence" of Medy, as required by the agency theory of imputed contacts for general jurisdiction. *Doe, I*, 248 F.3d at 930 (internal citation omitted). Desirable though the functions MUSA performed may have been to Medy, those functions were not *essential* to Medy's business which is broader than pregnancy tests alone and is primarily focused in markets outside the United States.

Third, even if this court adopted the "representative services doctrine" pressed by SSL (which we decline to do in this case), the outcome would be the same because the requirements of that doctrine are similar to those for the agency theory discussed above. *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 542-43 (2000).

We, therefore, affirm the district court's holding that Medy's contacts are insufficient to support an exercise of general jurisdiction in this case.

**Specific Jurisdiction**

This circuit has a three-part test for specific personal jurisdiction. *Yahoo, Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006). SSL's case fails on the first two elements, so we do not reach the third. As noted above, many of Medy's contacts with California represent the normal interactions of a parent company with its subsidiary and were directed toward availing MUSA, not Medy, of business opportunities in California. In addition, SSL's claims result primarily from its interactions with the now bankrupt MUSA. Thus, SSL cannot establish either purposeful availment/direction or claims arising out of Medy's California activities, and we affirm the district court in holding that an exercise of specific jurisdiction over Medy in this case would be inappropriate.

4

For the above reasons, we affirm the district court's dismissal of this suit for lack of personal jurisdiction over defendant Medy.

**AFFIRMED.**